By the Court.
Sedgwick, Ch. J.
The action was for the balance due of a lump sum agreed to be paid by the defendant as charterer of a steam vessel to the plaintiffs as owners. The complaint alleged that the plaintiffs and defendant entered ‘ ‘ into a certain contract, whereof a copy is hereunto annexed and marked ‘ A, ’ and made a part hereof.” This copy set out a complete charter-party between the parties. The answer of the defendant admitted that on the day named in the complaint the parties entered into a “ certain contract, commonly called a charter-party, but whether the copy marked A, is a true and correct copy of the said original this defendant has no knowledge or information sufficient to form a belief, and therefore denies that it is so, and insists that the original be produced upon the trial for greater certainty.” On the trial the original was not produced. At the end of plaintiffs’ case, defendant’s counsel moved to dismiss the complaint on the ground that the answer not admitting the charter-party to have been such as the copy annexed to the complaint described, there was a failure to prove the charter-party.
The ground was not sufficient. The answer made an *429 issue upon whether the copy was true and correct. It would not be so if it did not reproduce parts of the original which were not essential to a description of the legal effect of the original. It would have been sufficient for the complaint to have stated that legal effect. The answer raised a false or immaterial issue, as it did not make an issue upon whether the copy set out the substance or legal effect of the contract that was made.
Another exception regards an offer made, which the counsel for plaintiffs consented should be passed upon by the court, as if its subject were contained in questions correct inform asked by defendant’s counsel of witnesses. The court overruled the offer, which was to prove that plaintiffs did not deliver 963 boxes of oranges, part of the cargo, in good condition ; that they did not deliver at all 58 boxes of the cargo ; and that they delivered 50 boxes of oranges with the contents robbed more or less.
The counsel for appellant argue that if these facts had appeared they would have proved that the plaintiffs had not made a true delivery of the cargo, the charter providing that the lump sum, excepting certain advances out of it, should be paid by the charterer on “ the true delivery of the cargo,” and, therefore, the time of payment had not come, or the fact did not exist which was by the contract to exist before there was a duty of payment.
The question then is, had the plain tiffs shown that there had been a true delivery of the cargo ? It was satisfactorily shown that all the cargo there was in the steamer at the time of arrival was delivered. The steamer, by the charter, was of the burden per net register, 1,118 tons. The defendant filled the whole cargo space of the vessel, excepting cross bunkers that would contain about 300 tons. The cargo belonging to defendant was in part 200 tons of sulphur, and the remainder was of boxes of oranges and lemons. So that the quantity of cargo not delivered according to the terms of the offer was an insignificant poiticn of the boxes of oranges and lemons stowed as cargo.
*430 The bad condition of 963 boxes, as assumed by the offer, was no obstacle to the recovery of the lump sum. That was to be paid upon delivery, in fact, of the cargo, without reference to its poor condition at time of delivery. If the condition had become poor from an' actionable default on the part of the owners, then the defendant might have offset a proper amount if it had been claimed in the answer affirmatively. The answer did not make such a claim. The word “true” used with the word ‘ ‘ delivery ” qualifies the act of delivery, not the condition of the goods delivered.
When the parties stipulated as to true delivery, they intended to apply the words to a cargo liable to diminution from slight causes, that could not in the ordinary course of a voyage be prevented, unless by a stiict and expensive custody, that the nature of the cargo did not justify, and which the defendant could not have expected from the plaintiffs. They referred to the cargo as a whole, and not to each hundred of the many thousands of oranges and lemons. According to their sense of what was likely to happen, it must have been foreseen that a small portion of the whole would be missing at the end of the voyage. It is not to be imagined that either party meant that the freight should not be earned, unless every box of fruit was delivered, for on the theory of the defendant an omission to deliver one box would have been a defense, as to any part of the claim for the lump sum. If the offer had further suggested that there was proof of an intentional taking by the plaintiffs of what was not delivered, there should be of course no recovery.
There was, in my opinion, a true delivery of the cargo within the meaning of the charter-party, and the obligation of the defendant to pay the balance of the lump sum was complete.
In Post v. Robertson (1 Johns. 24), the fact was that none of the cargo, for the carrying of which the ■ freight alleged to be due had been promised to be paid, was delivered.
*431 The remedy of the defendant after its obligation to pay the sum liquidated by the contract had become complete, was, if the non-delivery of the part of the cargo was a breach of any express or implied obligation of the plaintiffs, to make an affirmative claim in the answer, or to bring another action.
The judgment and order appealed from should be affirmed, with costs.
Truax and O’Gorman, JJ., concurred.